UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. TAYLOR,

    Petitioner,

        v.         CAUSE NO. 3:25-CV-1055-JD-APR

WARDEN,

    Respondent.

## OPINION AND ORDER

Gregory A. Taylor, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for criminal confinement under Case No. 20D03-1312-FB-145. Following a jury trial, on July 15, 2015, the Elkhart Superior Court sentenced him to twenty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Taylor challenges his conviction on the basis of trial court error and prosecutorial misconduct. However, review of the electronic docket for the State courts strongly suggests that the petition is untimely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Taylor was sentenced on July 15, 2015, and his direct appeal culminated in the Indiana Supreme Court's denial of transfer on May 17, 2018. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on August 31, 2015. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Before the limitations period began to run, Taylor initiated post-conviction proceedings in Case No. 20D03-1608-PC-39 that culminated in the Elkhart

Superior Court denying relief on September 8, 2021. The federal limitations period expired one year later on September 8, 2022.

Taylor then attempted to initiate successive post-conviction proceedings on four occasions:

- On September 13, 2022, Taylor attempted to file a petition for post-conviction relief in the Elkhart Superior Court under Case No. 20D03-2209-PC-26. On November 2, 2022, the Elkhart Superior Court dismissed it without prejudice for failing to file a petition that complied with the Indiana Post-Conviction Rules.

- On November 16, 2022, Taylor sought authorization to pursue a successive petition from the Indiana Court of Appeals under Case No. 22A-SP-02808, but the Indiana Court of Appeals denied authorization on December 27, 2022.

- On October 22, 2025, Taylor sought authorization to pursue a successive petition from the Indiana Court of Appeals under Case No. 25A-SP-02645, but the Indiana Court of Appeals denied authorization on November 21, 2025.

- On November 14, 2025, Taylor attempted to file a petition for post-conviction relief in the Elkhart Superior Court under Case No. 20D03-2511-PC-36, but, on December 15, 2025, the Elkhart Superior Court dismissed it as an unauthorized successive petition.

However, these subsequent efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Taylor did not file the petition in this habeas case until December 14, 2025. ECF 1 at 5. Because Taylor filed the habeas petition more than three years too late, it appears that the claims are untimely.

In the petition, Taylor contends that his petition is timely because the trial court refused to rule on motions, which prevented him from initiating an appeal and that the trial court's refusal qualified as an "impediment to filing an application created by State action" under 28 U.S.C. § 2244(d)(1)(B). However, that statutory provision pertains to

applications for federal habeas relief, not initiating State court appeals, and it seems unlikely that a State court's failure to rule on motions could have prevented Taylor from filing a habeas petition in federal court prior to September 8, 2022. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.").

Based on the foregoing, the court is inclined to dismiss the petition as untimely. Nevertheless, in an abundance of caution, the court will allow Taylor an opportunity to address the timeliness concerns before deciding whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4. *See Walker v. Cromwell*, 140 F.4th 878, 884 (7th Cir. 2025) ("[D]istrict courts may consider *sua sponte* the timeliness of a habeas petition but only after giving both parties "fair notice and an opportunity to present their positions.").

As a final matter, the court observes that Taylor has not resolved his filing fee status. To proceed with this case, Taylor must either pay the filing fee in full or file a motion for leave to proceed in forma pauperis with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Gregory A. Taylor to file a response to this Order on whether the petition is untimely by January 30, 2026;

(2) ORDERS Gregory A. Taylor to resolve his filing fee status by January 30, 2026; and

(3) **CAUTIONS** Gregory A. Taylor, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on December 30, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT